FILED
SUPERIOR COURT
OF GUAM

2023 JAN 20 PM 1: 46

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>KRISTY ANN GARRIDO,<br><br>              Defendant. | Case No. CM0007-21<br><br>**DECISION AND ORDER**<br>**(Defendant's Motion to Dismiss Complaint Due To The De Minimus Nature of the Alleged Offense)** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on October 28, 2022, for a Motion Hearing on Kristy Anne Garrido's ("Defendant") Motion to Dismiss Complaint Due To The De Minimus Nature of the Alleged Offense ("Motion to Dismiss"). Alternate Public Defender Brycen Breazeale appeared for Defendant. Assistant Attorney Katherine Nepton appeared for the People of Guam ("People'). Having considered the arguments and applicable law, the Court hereby **GRANTS** Defendant's Motion to Dismiss Complaint Due To The *De Minimus* Nature of the Alleged Offense. The Court **ORDERS** CM0007-21 dismissed without prejudice.

## BACKGROUND

Defendant is charged with Seven Counts of Child Abuse (As a Misdemeanor). Mag. Compl., Jan. 8, 2021. Additionally, the Office of the Attorney General ("OAG") has filed a Petition for a Persons In Need of Services case ("PINS") case, JP0008-21. Second Am.

Petition For Persons In Need of Services, Jan. 25, 2021. On April 26, 2022, Defendant filed the instant motion. Def.'s Mot. To Dismiss Compl. Due to the *De Minimus* Nature of the Alleged Offense, Apr. 26, 2022. The People filed an opposition. People's Opp'n. to Def.'s Mot. To Dismiss As *De Minimus*, May 3, 2022. Defendant filed a reply. Def.'s Reply to Her Motion to Dismiss Mot. To Dismiss Compl. Due to the *De Minimus* Nature of the Alleged Offense, May 17, 2022. The Court held a motion hearing and took the arguments under advisement. Minute Entry, Oct. 28, 2022.

## DISCUSSION

Defendant "asks the Court to dismiss the complaint against her because her alleged conduct does not provide that criminal prosecution in this case is appropriate." Def.'s Mot. To Dismiss at 2. Defendant asserts that "potential harm caused by her conduct would be too trivial to warrant a criminal judgment of conviction." *Id.* The People argue that GPD has responded to reports of child neglect on several other occasions and "[d]ismissal is tantamount to telling the children of Guam that being left without a parent's care for days on end is trivial." People's Opp'n. to Def.'s Mot. To Dismiss As *De Minimus* at 3–4. The People state "[t]here is a valid legislative interest in protecting these children of Guam, and in the present case there is valid legislative interest in protecting these seven children." *Id.* at 3.

Title 9 GCA § 7.67 provides:

The Court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, of finds the defendant's conduct:

(a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense

(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction or

(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

The Supreme Court of Guam has stated that 9 G.C.A § 7.67 "directs the trial court to dismiss a prosecution if it finds that the defendant's conduct falls within *at least one* of three distinct circumstances." *People v. Perez*, 2004 Guam 4 ¶ 9 (emphasis in original). The "statute recognizes that it would be unrealistic to believe that judges never enter a finding of not guilty even though guilt is proven where a conviction is considered inappropriate, and therefore authorizes the trial court to mitigate the general provisions of the criminal law to prevent absurd applications." *Id.* at ¶ 10 (quoting 9 G.C.A § 7.67 commentary). The question courts should ask when determining whether an offense is *de minimus* is "[w]hat is the risk of harm to which society is exposed by defendant's conduct?" *People v. Perez*, 2004 Guam 4 ¶ 12 (citing *State v. Zarrilli*, 523 A.2d 284, 288 (N.J. Super. Ct. Law Div. 1987)). The following factors aid courts in determining whether dismissal is warranted under 9 GCA § 7.67(b): (1) the attendant circumstances; (2) the existence of contraband; (3) the value of the property involved; (4) the use or threat of violence; and (5) the use of weapons. *Id.*

**A. The Court finds dismissal is unwarranted under 9 G.C.A § 7.67(b) because the harm that occurred is the harm that 9 G.C.A § 31.30(a)(2)(C) seeks to prevent.**

In order to consider dismissal under 9 G.C.A § 7.67(b), the Court should assume all factual allegations as true and determine whether the alleged conduct exposes society to a risk of harm sufficient to warrant conviction. *Id.* at ¶ 16. Police reports state that Guam Police Department ("GPD") responded to a report of three unaccompanied children walking down the road in Pagachao, Guam. Mag. Compl. Officers report that the children looked as though they

had not been bathed in several days and one child was not wearing shoes. *Id.* The children informed the officers they were walking to their "auntie's house" because they had not seen their parents in several days. *Id.* After locating the young children walking down the side of the road, the officers conducted a check of Defendant's house. They reported determining six minor children were left alone at the residence, which "smelled strongly of human feces, trash, and other smells." *Id.* "Officers observed dirty clothes, trash, [and] empty food cans strewn about the residence." *Id.*

The Court finds that dismissal is not warranted under 9 GCA § 7.67(b). While the second, fourth, and fifth factors weigh in favor of Defendant as there are no allegations or indications of the use of drugs or presence of contraband, nor is it alleged that any weapons were used, the Court is concerned about the first factor. The third factor is inapplicable because the offense alleged is not a property crime. Assuming these factual allegations are true, the attendant circumstances show the type of harm that 9 G.C.A § 31.30(a)(2)(C) aims to prevent.[1] Defendant left her children—between ages five and fifteen—alone in her residence for approximately two days, and never once called to check on them. Mag. Compl. The children were not bathed for several days, and the house contained trash and human feces. *Id.* Defendant states that her car broke down and she was unable to fix it, preventing her from returning home. The Court understands that sometimes unforeseeable events—like a broken-down car—occur and plans are altered as a result. Even so, the Court is concerned that Defendant did not call the children to see how they were doing, or ask a relative to stop by her residence to check on them. The Court recognizes that Defendant may have been unable to

---

[1] Title 9 G.C.A § 31.30(a)(2)(C) states:

A person is guilty of *child abuse* when . . . having a child in his care or custody he . . . unreasonably causes or permits the physical or, the emotional health of that child to be endangered.

immediately return home, but Defendant does not offer an explanation as to why she did not attempt to contact the children even once over the next two days. Likewise, Defendant's car troubles do not explain why the children had not been bathed in several days, or the trash and human feces in the house. The description contained in the police report suggests the children's hygiene and the cleanliness of the house were neglected prior to Defendant's car troubles. The state of the children and the house, as well as GPD's statement that it has previously responded to reports of child neglect at Defendant's residence is disconcerting. Accordingly, the Court finds Defendant's actions caused the harm that 9 G.C.A § 31.30(a)(2)(C) seeks to prevent.

**B. The Court finds dismissal is warranted under 9 G.C.A § 7.67(c) because this case presents such other extenuations that the Legislature could not have reasonably envisaged when enacting 9 G.C.A § 31.30(a)(2)(C).**

Despite the Court's conclusion that the harm Defendant caused is the harm that 9 G.C.A § 31.30(a)(2)(C) seeks to prevent, the Court notes that this case impedes the goals of JP0008-21 and Defendant's efforts to reunite her family. Defendant contends that the conditions of JP0008-21 cannot be accomplished if she has a criminal conviction. Digital Recording at 3:47:41–4:19:33 (Mot. Hr'g., Oct. 28, 2022). Specifically, Defendant represents that JP0008-21 requires that she secure housing and maintain employment. *Id.* A criminal conviction seriously hinders Defendant's ability to qualify for housing assistance and prevents her from being hired at many jobs. *Id.*

OAG filed JP0008-21 after referral from Child Protective Services ("CPS") pursuant to 19 G.C.A § 13301(c)(4). "The policy and purpose of [Chapter 19 of the Guam Code Annotated is] to provide children with prompt and ample protection from the harms detailed herein, with an opportunity for timely reconciliation with their families where practical, and

with timely and permanent planning so they may develop and mature into responsible, self-sufficient and law abiding citizens." Guam Pub. L. 20–209 (1990). "This permanent planning should effectuate placement with a child's own family when possible and should be conducted in an expeditious fashion. . ." *Id.* "[Chapter 19 of the Guam Code Annotated] shall be liberally construed to serve the best interests of the children and the purposes set out in this Chapter." *Id.* Consequently, the Court finds the Legislature intended for PINS cases to prioritize the timely reunification of the children with their parents.

The Legislature predicated 9 G.C.A § 31.30(a)(2)(C) on Model Penal Code ("MPC") § 230.4; California Penal Code § 980; Massachusetts Penal Code Chapter 273 §§ 1,4; and New Jersey Penal Code § 2C:24–4. *See* 9 G.C.A § 31.30(a)(2)(C). Accordingly, the Court looks to those statutes for guidance in identifying the purpose of 9 G.C.A § 31.30(a)(2)(C). MPC § 230.4 "is designed to replace vague and uncertain laws dealing with contributing to the delinquency of a minor, child neglect, and corrupting morals of a minor." M.P.C. § 230.4 Explanatory Note. California Penal Code § 980 holds "persons who have care, custody, and or control of a child" to a higher standard of care. Cal Penal Code § 980 Commentary. "This section recognizes the duty imposed upon those who have custody of children to care for their physical and emotional needs," and provides that persons who have custody of children "have a further responsibility to control the child's environment so he will not be physically or emotionally endangered." *Id.* The Commentary to New Jersey Penal Code § 2C:24–4 criticizes the breadth and lack of precision of the definitions of abuse, abandonment, cruelty, and neglect in relation to § 2C:24–4, stating "[t]he conduct which is appropriately prevented by non-criminal sanctions need not always also be made criminal." N.J. § 2C:24–4 Commentary. "Further, provisions of Chapter 6 of Title 9 show the basic thrust of it not to be to provide a

criminal sanction but rather a strong remedy to compel support and/or proper conduct toward the child." *Id.*

Upon examining the statutes that the Legislature used to craft 9 G.C.A § 31.30(a)(2)(C), the Court concludes that the purpose of 9 G.C.A § 31.30(a)(2)(C) is to ensure the children of Guam are not placed in physical or emotional danger, and that their physical and emotional needs are cared for. The Court interprets the commentary of other child endangerment statutes to indicate that the goal of 9 G.C.A § 31.30(a)(2)(C) is not punishment, but to protect the health and wellbeing of the children in the wrongdoer's custody. The commentary suggests that the focus should be restoring a safe environment for the children, which is not necessarily achieved by criminal sanctions—as the commentary to New Jersey's Penal Code articulates.

The Court finds that the Legislature could not have reasonably envisaged prosecution under 9 G.C.A § 31.30(a)(2)(C) could prevent Defendant from achieving the goals of JP0008-21. The goals of both CF0007-21 and JP0008-21 are to ensure that the children do not experience further harm from Defendant. The Court is concerned with deterring this conduct from occurring in the future, and notes that a criminal conviction could deter other parents from committing acts similar to the acts Defendant committed. Yet, the possibility of deterrence is outweighed by the barrier a criminal conviction imposes on completing the conditions of JP0008-21.

The People argue that rather than dismiss the case in its entirety, the goals of JP0008-21 can be achieved by resolving the criminal case through a plea agreement. Digital Recording at 3:47:41–4:19:33 (Mot. Hr'g., Oct. 28, 2022). While that may be true, Defendant represents that many of the probation conditions of CM0007-21 are identical to the conditions in JP0008-

21. Duplicative conditions do not fulfill the purpose of either 9 G.C.A § 31.30(a)(2)(C) or 19 G.C.A § 13301(c)(4). Likewise, duplicative conditions are an unnecessary use of judicial resources. Defendant represents that she is already on probation in JP0008-21. It is therefore redundant and unnecessary for the Office of Probation to monitor Defendant in two cases that flow from the same conduct.

The People contend that the reason Defendant has made significant progress in her PINS case is because she has the criminal case "hanging over her head." Digital Recording at 3:47:41–4:19:33 (Mot. Hr'g., Oct. 28, 2022). The Court believes that Defendant has made significant progress in her PINS case because she is motivated by the prospect of reuniting with her children, and the Court hopes that it is not incorrect in this belief. Regardless, should Defendant fail to complete the conditions in JP0008-21, Defendant will not regain custody of her children and Defendant could be placed in jail. The Court finds that Defendant's desire to reunite with her children and the possibility of jail time are sufficient motivation for Defendant to continue to make progress in JP0008-21. Finally, the goals of criminal punishment are not solely retribution and deterrence but also rehabilitation and restoration. The Court's main concern in this case is that the children remain in a safe living situation and do not experience any further harm. Should Defendant fail to complete the conditions of JP0008-21, she will not regain custody of her children—thereby preventing them from being exposed to any further harm while in her care.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** Defendant's Motion to Dismiss Complaint Due To The *De Minimus* Nature of the Alleged Offense. The Court **ORDERS** CM0007-21 dismissed without prejudice.

SO ORDERED, this _____ day of ___**JAN 2 0 2023**___ ~~2022~~.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam